IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  11-cv-01553-WYD

LETICIA BALDWIN for J.N. (a minor),

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

## ORDER

THIS MATTER is before the Court in connection with Plaintiff's Unopposed Motion for an Award of Attorney Fees Under 42 U.S.C. § 406 filed November 15, 2012. Plaintiff's counsel requests a § 406(b) fee award in the amount of $11,934.81 for his representation of Plaintiff in this case.  Counsel asserts that if the requested fee is approved, he plans to refund to Plaintiff the previously awarded fees pursuant to the Equal Access to Justice Act (EAJA) in the amount of $11,050.00, which will result in a net fee paid by the Plaintiff of $884.81.

42 U.S.C. § 406(b) provides in pertinent part, "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." Section 406(b) "does not displace contingent-fee agreements as the primary means by

which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-09 (2002). Instead, "§ 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.*

Having reviewed the motion of Plaintiff's counsel, I find that the amount of fees sought is reasonable. Counsel asserts that as a result of his work on the case, Plaintiff was ultimately awarded $47,739.22 in past-due disability benefits. (Ex. C to Pl.'s Mot.) The Notice of Award issued by the Social Security Administration states that it withheld $12,037.07 ("25 percent of past due benefits") from Plaintiff's benefits in anticipation of this request. (*Id.* p. 70). A second notice was issued, however, on October 8, 2012 correcting the monthly amounts awarded to Plaintiff. Plaintiff's counsel has therefore attached a corrected calculation of the past-due benefits, and attorney's fees owed. (Ex. C, p. 1.) Twenty-five percent (25%) of the past-due benefits due counsel pursuant to the contingency fee agreement entered into by Plaintiff is $11,934.81, the amount requested by counsel.

Plaintiff contracted with her counsel to pay 25% of past-due benefits, and the requested fee is reasonable because it reflects the contingent nature of the recovery. I also find that the fee is reasonable because there was a substantial risk of loss in connection with the case, Plaintiff's attorney devoted considerable time and effort to presentation of Plaintiff's position, and the results obtained were favorable to Plaintiff. Also, after the EAJA offset, Plaintiff will actually pay only $ 884.81 ($11,934.81 - $11,050 = $884.81), representing only 2% of the past-due benefits in this case. Finally, the motion is unopposed by the Commissioner. Accordingly, it is

ORDERED that the Unopposed Motion for an Award of Attorney Fees Under 42 U.S.C § 406(b) (ECF No. 31 filed November 15, 2012) is **GRANTED**.  In accordance therewith, it is

ORDERED that Plaintiff's counsel is awarded attorney fees under 42 U.S.C. § 406(b) in the amount of **$11,934.81**.

Dated:  November 16, 2012

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge